**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE  DIVISION**

**UNITED STATES OF AMERICA**

vs.                                                    CASE NO. 4:11cr21-SPM

**HAYWARD LAMAR GRIFFIN**
a/k/a "Haywood L. Griffin,"

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

    Defendant originally proposed to enter a guilty plea to Counts One, Four, Five and Six of this indictment.  The district judge referred this matter to me for purposes of hearing Defendant's proposed change of plea pursuant to Fed.R.Crim.P. 11 and to enter a report and recommendation as to whether to accept the change of plea.  All parties consented to this procedure, and the written consent has been entered.

    After hearing, it is found that, as to Count One, the conspiracy count, Defendant would not admit that he had a mutual understanding with co-defendant Paramore or with any other person to distribute and to possess with intent to distribute cocaine and twenty-eight grams or more of cocaine base, and he said that he did not wish to plead guilt to Count One.  The Government elected to proceed with a guilty plea as to Counts Four, Five, and Six of this indictment.  This report and recommendation, therefore,

recommends acceptance of the guilty plea to Counts Four, Five, and Six, but, to extent that it was offered, recommends that a guilty plea to Count One be rejected.

After hearing as to a guilty plea to Counts Four, Five, and Six, it is found that:

1.  Defendant understands the nature of the charge or charges as to which the plea is offered.

2.  Defendant understands the right to trial by jury, to persist in a plea of not guilty, to assistance of counsel at trial, and to confront and cross examine adverse witnesses, and understands the right against compelled self-incrimination.

3.  Defendant understands the maximum possible sentence if the guilty plea is accepted, including the effect of a supervised release term, understands that the sentencing guidelines are advisory, and understands that the court has discretion to depart from those guidelines and sentence up to the statutory maximum sentence.

4.  The plea of guilty by the Defendant has been knowingly and voluntarily made, and is not the result of force or threats, or of promises except for promises contained in the written plea agreement between the parties.

5.  Defendant is competent to plead guilty.

6.  Defendant understands that answers given by the Defendant during the plea colloquy, which were under oath, may be later used against the Defendant in prosecution for perjury or false statement.

7.  There is a factual basis for Defendant's guilty plea.

8.  There is a plea agreement which has been modified to withdraw a guilty plea as to Count One, but offers a guilty plea as to the remaining Counts, which should be accepted by the court.  Defendant understands the terms of the plea agreement.

Case No. 4:11cr21-SPM/WCS

9. Defendant has voluntarily consented to go forward with this plea of guilty before me. Defendant knowingly and voluntarily has waived the ten day period for filing objections to this report and recommendation, and agrees that written objections, if any, must be filed within twenty-four hours from receipt of a copy of this report and recommendation. The United States also consents to this procedure, including the shorter period for objections.

Accordingly, it is **RECOMMENDED** that the court **ACCEPT** the plea agreement and defendant's plea of guilty to Counts Four, Five, and Six, but **REJECT** a plea of guilty to Count One.

**IN CHAMBERS** at Tallahassee, Florida, on May 12, 2011.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 24 hours after receiving a copy of this report and recommendation.**